Pakkee C. J.,
in giving the opinion of the Court, said they were not satisfied whether it was most proper for the Court or for the jury to determine what constitutes a bilging. The question has however, in the present case, been referred to us to decide. Several Dictionaries have been cited, the authors of which had, some of them better, and others no better means of information on the subject, than we ourselves ; but we think it is to be gathered from them, that to constitute a bilging there must be a breach in the vessel, though they may differ as to the particular place which must be fractured. One of the planks of this ship is stated to have been worn almost through, but there is no evidence of an actual breach. The vessel was very much strained, and her seams opened and let in water, and water came down the mast-coats and companion way, whereby the cargo was injured, but the defendants did not undertake to indemnify the plaintiff for a partial loss happening from these causes.
We all think that there was no technical bilging proved, and that the defendants are not liable for a particular average.[1]

 See 2 Phil. Ins. c. 18, note 4; Stevens and Benecke on Average, by Phillips, 424, note (a).